**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-30250 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-00071-RRB |
| v. | |
| JOSE ANTONIO DIAZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Submitted November 17, 2009[**]

Before:     ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Jose Antonio Diaz appeals from the 120-month sentence imposed following

his guilty-plea conviction for conspiracy to distribute 5 kilograms or more of

cocaine and money laundering, in violation of 18 U.S.C. § 1956(a)(1) and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

JC/Research

21 U.S.C. §§ 841(b)(a)(A) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

As an initial matter, the government contends this appeal is barred by the written appeal waiver in Diaz's plea agreement. This contention is unpersuasive because the district court advised Diaz at the change of plea hearing that he could appeal. *See United States v. Buchanan*, 59 F.3d 914, 917-18 (9th Cir. 1995); *see also United States v. Felix*, 561 F.3d 1036, 1041 (9th Cir. 2009).

Diaz contends his attorney provided ineffective assistance of counsel by failing to secure the necessary services of an interpreter to communicate with him. Although we generally do not review such claims on direct appeal, here the record is sufficiently developed to permit us to resolve the issue. *See United States v. Labrada-Bustamante*, 428 F.3d 1252, 1260-61 (9th Cir. 2005). Even if counsel's performance was deficient, there is no "reasonable probability that, but for counsel's [allegedly] unprofessional errors, the result of the proceeding would have been different." *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). Because Diaz was not prejudiced by his counsel's allegedly deficient performance, we reject his contention that he was denied effective assistance of counsel. *See id.* at 697; *Labrada-Bustamante*, 428 F.3d at 1261.

Finally, Diaz contends the district court erred by failing to appoint a Spanish

interpreter to assist him to communicate with his attorney during private meetings. This contention fails. *See* 28 U.S.C. § 1827(d)(1); *see also United States v. Si*, 343 F.3d 1116, 1122 (9th Cir. 2003).

**AFFIRMED.**